UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NING XIANHUA,<br><br>        Plaintiff,<br><br>   v.<br><br>OATH HOLDINGS, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-06185-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS**<br><br>Re: Dkt. No. 46 |

This is a human rights lawsuit between Plaintiff Ning Xianhua, a Chinese pro-democracy activist, and Defendants Oath Holdings, Inc., Altaba, Inc., Terry Semel, and Jerry Yang, successors in interest and former executives of Yahoo! Inc. Plaintiff alleges that Defendants disclosed his confidential Yahoo! email communications to the People's Republic of China ("PRC"), which used that information to convict and torture him. Plaintiff asserts three claims: violations of (1) the Law of Nations under the Alien Tort Statute ("ATS"); (2) the Torture Victims Protection Act ("TVPA"); and (3) the California Unfair Competition Law ("UCL"). Now before the Court is Defendants' motion to dismiss, which has been fully briefed. *See* Dkt. Nos. 46 ("Mot."), 52 ("Opp."), and 53 ("Reply"). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.[1]

**I.     BACKGROUND**

The below facts are presumed true for purposes of this motion:

Plaintiff is a citizen of the PRC and a pro-democracy activist who, while living in China, used his Yahoo! email account to privately spread pro-democracy content and coordinate with

---

[1] The Court finds the motion appropriate for disposition without oral argument and deems the motion submitted. *See* Civil L.R. 7-1(b).

other Chinese activists.

In December 2003, PRC authorities arrested Plaintiff. Relying on a January 2004 prosecution memorandum identifying pro-democracy writings Plaintiff sent from his Yahoo! email account, PRC authorities convicted him for promoting democracy. While imprisoned, Plaintiff was tortured and forced into manual labor. After Plaintiff's release in December 2010, as a condition of his sentence, he relinquished his political rights for two years and was closely monitored by PRC authorities. In May 2014, Plaintiff was again arrested, detained, and tortured. PRC authorities also destroyed both Plaintiff's home and his father's home. Plaintiff was released the following month.

In 2016, Plaintiff escaped China for the United States, where he sought asylum. In April 2018, Plaintiff obtained the January 2004 memorandum advocating for his conviction. He alleges that the memorandum revealed that Plaintiff's conviction relied on information Yahoo! provided to PRC authorities.

Plaintiff filed this lawsuit in September 2020. Dkt. No. 1. After the Court granted Defendants' motion to dismiss, Dkt. No. 41, Plaintiff filed an amended complaint, Dkt. No. 42 (the "Amended Complaint" or "FAC"). Defendants again move to dismiss.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the

2

complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

### III.   DISCUSSION

#### A.   Tolling the Statute of Limitations

Plaintiff brings three claims under the ATS, the TVPA, and the UCL. Defendants challenge those claims as time-barred because the Amended Complaint does not allege facts sufficient to justify tolling the applicable statute of limitations.

##### 1.   ATS and TVPA Claims

The statute of limitations under the ATS and the TVPA is ten years. *Deutsch v. Turner Corp.*, 324 F.3d 692, 717 & n.18 (9th Cir. 2003) (citations omitted). ATS and TVPA claims are federal claims and thus accrue "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *see In re World War II Era Japanese Forced Lab. Litig.*, 164 F. Supp. 2d 1160, 1180-81 (N.D. Cal. 2001), *aff'd sub nom. Deutsch v. Turner Corp.*, 317 F.3d 1005 (9th Cir. 2003), *opinion amended and superseded on denial of reh'g*, 324 F.3d 692 (9th Cir. 2003). Because Plaintiff alleges Defendants' misconduct occurred before he was arrested in December 2003, Plaintiff's ATS and

TVPA claims fall outside of the applicable ten-year statute of limitations. FAC ¶ 48 (alleging Plaintiff was arrested "[o]n December 12, 2003, after PRC communist authorities obtained [Plaintiff's] private communications from the Yahoo! Defendants earlier that year").

However, ATS and TVPA claims are subject to equitable tolling. *See Hilao v. Estate of Marcos*, 103 F.3d 767, 773 (9th Cir. 1996) ("The Senate Report on the TVPA states that the ten-year statute is subject to equitable tolling, including for periods in which the defendant is absent from the jurisdiction or immune from lawsuits and for periods in which the plaintiff is imprisoned or incapacitated." (citing S.Rep. 102-249, at 11 (1991))); *see also* S.Rep. 102-249, at 11 ("The statute of limitation [for TVPA claims] should be tolled during the time the defendant was absent from the United States or from any jurisdiction in which the same or a similar action arising from the same facts may be maintained by the plaintiff, provided that the remedy in that jurisdiction is adequate and available."). While the Ninth Circuit has not directly announced a standard for applying equitable tolling to ATS and TVPA claims, the Ninth Circuit in *Hilao* found plaintiff's Alien Tort Claims Act claim equitably tolled by analogizing the claim to the TVPA and "incorporat[ing] equitable-tolling principles . . . where a defendant's wrongful conduct, or extraordinary circumstances outside a plaintiff's control, prevented a plaintiff from timely asserting a claim." 103 F.3d at 773 (citations omitted); *see also id.* (ruling that substantiated fear of "intimidation and reprisals" can toll the TVPA period).

Plaintiff alleges that, immediately after his claims began to accrue, he was imprisoned between 2003 and 2010, during which time he lacked the ability to investigate his claims. Moreover, the Complaint alleges that Plaintiff was constantly monitored and harassed after his release from prison in 2010, demonstrating the looming risks of imprisonment and torture he faced in investigating and publicizing the basis of his injuries under the TVPA and ATS. Plaintiff's TVPA and ATS claims are sufficient to survive a statute of limitations challenge at this stage because the allegations supporting equitable tolling preclude a finding that the running of the statute is "apparent on the face of the complaint." *Von Saher*, 592 F.3d at 969; *see also Supermail Cargo, Inc.*, 68 F.3d at 1206 ("A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required

liberality, would not permit the plaintiff to prove that the statute was tolled.'" (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980))).[2]

### 2. UCL Claim

Because the Court dismisses Plaintiff's UCL claim below on the ground that it seeks impermissible nonrestitutionary relief, *infra* Section III.B.2, the Court need not address whether Plaintiff's UCL claim was timely.

\*     \*     \*

Accordingly, the Court declines to dismiss Plaintiff's claims as time-barred because the Complaint adequately alleges a basis for the timeliness of Plaintiff's ATS and TVPA claims. Obviously, if any claim ends up surviving past the motion to dismiss stage, Defendants may seek summary judgment on statute of limitations grounds once discovery concludes.

## B.  Rule 12(b)(6)

Defendants challenge each of Plaintiff's claims on the grounds that they are insufficiently pled under Rule 12(b)(6).

### 1. "Secret Agreement" Theory

Plaintiff's lawsuit centers on the theory that Defendants entered into a secret agreement or "joint venture" with the PRC to provide it with Yahoo! users' confidential email communications in exchange for access to the Chinese market. This conduct, according to Plaintiff, violated the Law of Nations under the ATS, the TVPA, and the UCL.

Plaintiff's theory relies on two alleged pieces of evidence: (1) a January 2004 PRC

---

[2] Plaintiff also argues that his claims are tolled by the fraudulent concealment document. Opp. at 12. But this doctrine does not apply where the Complaint does not sufficiently allege that Defendants took affirmative acts to mislead Plaintiff. *See In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1194 (N.D. Cal. 2015) (fraudulent concealment requires establishing that "(1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have 'actual or constructive knowledge of the facts giving rise to its claim'; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim." (quoting *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012))); *see Rutledge v. Bos. Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) ("Silence or passive conduct of the defendant is not deemed fraudulent, unless the relationship of the parties imposes a duty upon the defendant to make disclosure."). Because Plaintiff's allegations are sufficient at this stage under the equitable tolling standard discussed in *Hilao*, the weakness of the fraudulent concealment claim does not change the outcome of the Court's statute of limitations analysis.

prosecutorial memorandum that advocated for convicting Plaintiff based on pro-democracy writings Plaintiff circulated from his Yahoo! email account; and (2) testimony by Defendant and Yahoo! founder Jerry Yang at a 2007 House of Representatives Foreign Affairs Committee hearing investigating the PRC's demands for email information of certain Yahoo! users. At most, the allegations suggest the PRC's desire to identify and silence activists who circulated pro-democracy content through Yahoo! email, and imply that it solicited companies like Yahoo! to aid in its efforts. But the remaining allegations in the Complaint recite bare legal conclusions that do not allow the Court to draw a reasonable inference that Defendants, directed by Jerry Yang and Terry Semel, ever entered into a secret agreement to disclose Yahoo! users' confidential information to the PRC. Taken together, there is not sufficient factual content to support a reasonable inference – under any theory[3] – that Defendants are liable for any of the alleged misconduct. While the Complaint does allege that Yang and Semel knew of the PRC human rights abuses, and with this knowledge aided and abetted the PRC by disclosing its users' confidential email information, these allegations are simply conclusory allegations that do not provide "sufficient facts to support a cognizable legal theory." *Mendiondo*, 521 F.3d at 1104.

Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's claims.[4]

### 2. The UCL Claim

Even if Plaintiff's allegations of a "secret agreement" between Defendants and the PRC were sufficiently pled, Plaintiff's UCL claim independently fails because it attempts to seek nonrestitutionary relief for Defendants' unfair business practices.[5]

---

[3] The Court need not address the disputed issues of agency and ratification liability, aiding and abetting liability under the ATS and the TVPA, "color of law" liability under the TVPA, and extraterritoriality liability under the ATS because each issue at bottom relies on the inadequately pled "secret agreement" allegation.

[4] Defendants claim that "Plaintiff asserts his information was allegedly disclosed when 'Yahoo! China received a[] 'lawful demand' by the PRC for Ning's Protected Information.'" Reply at 1. But the FAC never makes this allegation, or concedes that the demand was lawful. The referenced page of Exhibit 1 simply reflects *Yahoo!'s General Counsel's* statement in testimony to Congress that he understood that *Yahoo! China* said the demand was lawful. FAC, Ex. 1 at 24. This obviously is not fairly read as a concession by Plaintiff of the lawfulness of the demand, under the incorporation by reference doctrine or otherwise. Nonetheless, even setting this mischaracterization aside, Plaintiff fails to plead facts plausibly supporting the "secret agreement" theory.

[5] Because the UCL claim's focus on nonrestitutionary relief is dispositive, the Court need not

Plaintiff alleges that Defendants committed unfair and unlawful business practices under the UCL by entering into a secret agreement with the PRC to access the Chinese internet market in exchange for disclosing its users' confidential email information to the PRC. Plaintiff's UCL claim seeks restitution for money and property damages suffered as a result of Defendants' business practices – namely, contracting with the PRC to enter the Chinese internet market in exchange for disclosing their users' confidential email communications. In particular, Plaintiff seeks compensation for the "loss of his ancestral home, job, and most of his possessions." FAC ¶ 83.

But the money or property that Defendants gained from these alleged business practices is the profit it received from gaining access to the Chinese market, not from the alleged destruction of Plaintiff's home, job, or possessions. The UCL is an inappropriate vehicle for Plaintiff to seek damages against Defendants for money and property in which he never had an ownership interest. *Shersher v. Superior Ct.*, 154 Cal. App. 4th 1491, 1494 (2007) (UCL unfair competition claims may not "seek the return of money or property in which the plaintiff never had an ownership interest"); *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003) ("The object of restitution is to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest . . . The remedy sought by plaintiff in this case is not restitutionary because plaintiff does not have an ownership interest in the money it seeks to recover from defendants.").

### C. Leave to Amend

Leave to amend is only warranted "if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quotation omitted); *see also Sprewell*, 266 F.3d at 988 ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not

---

reach Defendants' arguments that Plaintiff also impermissibly seeks to enforce the UCL extraterritorially and in violation of the privileges conferred by California Civil Code section 47(b).

1 required to allege those facts." (quotations omitted)).

2     Given that Plaintiff's UCL claim seeks impermissible nonrestitutionary relief, no new or
3 additional allegations could possibly cure this deficiency without contradicting prior allegations.
4 The Court thus finds that amendment would be futile and dismisses the UCL claim without leave
5 to amend.

6     As for Plaintiff's remaining claims (under the TVPA and ATS), given the nature of the
7 theory the Court has significant doubts as to whether Plaintiff can amend his Complaint, consistent
8 with his Rule 11 obligations, to allege facts sufficient to allege valid claims. However, because
9 the Court cannot conclude that amendment necessarily would be futile, it dismisses Plaintiff's
10 TVPA and ATS claims with leave to amend.

## IV. CONCLUSION

The Court rules on Defendants' motion as follows:

1. Defendants' motion is **DENIED** to the extent it seeks to dismiss Plaintiff's claims as time-barred;
2. Defendants' motion is **GRANTED** as to Plaintiff's Alien Tort Statute claim with leave to amend;
3. Defendants' motion is **GRANTED** as to Plaintiff's Torture Victims Protection Act claim with leave to amend; and
4. Defendants' motion is **GRANTED** as to Plaintiff's UCL claim without leave to amend.
5. The Court **SETS** a telephonic case management conference on May 10, 2022, at 2:00 p.m. The parties should be prepared to discuss how to move this case forward expeditiously. All counsel shall use the following dial-in information to access the call:

    Dial-In: 888-808-6929;

    Passcode: 6064255

    For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The joint case management

statement is due May 3, 2022.

If Plaintiff can cure the pleading deficiencies described above, he must file any amended complaint within 21 days from the date this order is filed.

**IT IS SO ORDERED.**

Dated: 3/31/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge